LEE PIERCE v. STATE.

No. A-1909. Opinion Filed February 27, 1914.

Appeal from County Court, Garfield County;
Winfield Scott, Judge.

Lee Pierce was convicted of maintaining a place wherein intoxicating liquors were kept for sale, and appeals. Reversed.

C. D. Roseman, for plaintiff in error.

C. J. Davenport, Asst. Atty. Gen., for the State.

PE RCURIAM. The plaintiff in error, Lee Pierce, was convicted at the October, 1912, term of the county court of Garfield county on a charge of maintaining a place wherein intoxicating liquors were kept for the purpose of sale, and his punishment fixed at a fine of $400 and imprisonment in the county jail for a period of thirty days. The proof on behalf of the state shows that a raid was made on the place kept by the plaintiff in error in the town of Enid on the 19th day of May, 1912, and two bottles of whisky and some ten bottle of beer were found; that plaintiff in error was in possession of the premises. Certain enforcement officers testified that the place had a reputation of being a place wherein intoxicating liquors were kept and sold; that such place had had such reputation for two years or more. No proof was offered on behalf of the state tending to show that plaintiff in error had paid a special internal revenue tax or that he had ever sold any intoxicating liquors in this or any other place. Proof on behalf of plaintiff in error shows that he had two bottles of whisky and ten bottles of beer in the building; that he had owned the place from April to May 1st; that prior to that time the building had been locked up under a restraining order from the courts on account of the fact that former owner had been selling intoxicating liquor therein. Plaintiff in error testified that he went to the place some time in April and moved out about the first of May; that he sold the place about the 8th or 9th of May to a man by the name of King; that he never sold any intoxicating liquor in the place and was not maintaining the place for that purpose. The proof disclosed by the record is insufficient as a matter of law to sustain the conviction. There is not a line of testimony on behalf of the state to indicate that the plaintiff in error ever sold liquor in the building or was interested directly or indirectly in any sale that had ever been made therein. In fact, there is no proof in this record to indicate that any sale ever had been made in the building during the time it was in possession of plaintiff in error. The greater portion of the testimony introduced on behalf of the state was incompetent as against this plaintiff in error. The law in this state prohibits and penalizes the maintaining of a place wherein intoxicating liquors are kept for the purpose of sale. The proof that a small quantity of liquor is kept in the place where a person resides, and no proof that the special revenue tax had been paid being offered, and no proof of any sale ever having been made being offered, it is asking a great deal of a court or jury to send a man to prison for maintaining a place wherein such liquors are kept for sale; in fact it is more than the fair minded citizenship of any community demands or the law tolerates. We think that this judgment should not be allowed to stand. The county attorney, if he expects to maintain convictions, should make out a case that will conform with the rules of law. Unless he can do so, the county should be saved the expense of unnecessary litigation. The judgment is reversed and the cause remanded for a new trial.